AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
JONATAN FLORES-ISIDRO
a/k/a Jonathan Flores-Isidro

*Defendant(s)*

Case No. 6:26-mj- 1882

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of June 26, 2026 in the county of Brevard in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Illegal reentry after deportation |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Mark Annotti, DO, ICE

*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 7/28/2026

City and state: Orlando, Florida

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

**STATE OF FLORIDA** **Case No. 6:26-mj-** 1882

**COUNTY OF ORANGE**

**AFFIDAVIT IN SUPPORT OF THE ISSUANCE OF A CRIMINAL COMPLAINT**

I, Mark Annotti, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Deportation Officer (DO) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement Removal Operations (ERO), and have been employed with DHS/ICE/ERO for 23 years. I am currently appointed as the ERO Criminal Prosecutions (ECP) Officer assigned to Orlando, Florida. My duties include the investigation, arrest, and prosecution of cases involving persons who are illegally residing in the United States in violation of federal law.

2. This affidavit is submitted in support of the issuance of a criminal complaint charging **Jonatan FLORES-ISIDRO** ("**FLORES-ISIDRO**"), a/k/a Jonathan FLORES-ISIDRO, with being found in the United States voluntarily after being previously removed or deported, in violation of 8 U.S.C. § 1326(a) and (b)(1). The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the

issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that a violation of federal law has been committed.

3. On or about February 28, 2024, the Brevard County Sheriff's Office (BCSO) arrested **FLORES-ISIDRO** and booked him into Brevard County Jail (BCJ) based on a state criminal charge of grand theft of dwelling (100 less than 300 dollars) under case number 05-2024-CF-017845, Brevard County, Florida. Following his arrest, the BCJ booking system automatically forwarded **FLORES-ISIDRO**'s information to the Alien Criminal Response Information Management System (ACRIMe) national database.

4. On or about February 28, 2024, DO Aureli Muniz identified **FLORES-ISIDRO**'s information in ACRIMe, verified his identity, and determined that he likely was in the United States illegally. DO Muniz attempted to file an ICE immigration detainer on **FLORES-ISIDRO** with the BCJ but discovered he had already been released on bond. No further action was taken at that time.

5. On June 26, 2026, the Palm Bay Police Department (PD) arrested **FLORES-ISIDRO** and booked him into BCJ based on a state criminal charge of operate motor vehicle without valid driver's license under case number 05-2026-CT-037242, Brevard County, Florida. Following his arrest, the BCJ booking system automatically forwarded **FLORES-ISIDRO**'s information to the Alien Criminal Response Information Management System (ACRIMe) national database.

6. On June 26, 2026, DO Ismith Bocaille identified **FLORES-ISIDRO**'s information in ACRIMe, verified his identity, and determined that he likely was in the United States illegally. DO Ismith Bocaille filed an ICE immigration detainer on **FLORES-ISIDRO** with the BCJ.

7. On June 26, 2026, DO Winnie Cheung contacted the Florida Department of Law Enforcement (FDLE), Biometric Service Section, and requested and received **FLORES-ISIDRO**'s fingerprints relating to the BCJ booking on this same date.

8. On June 27, 2026, DO Cheung submitted the set of fingerprints, dated June 26, 2026, to the Federal Bureau of Investigation Criminal Justice Information Services Division (also referred to as IAFIS). IAFIS analyzed the set of fingerprints and found them to match **FLORES-ISIDRO** and his unique FBI number. DO Cheung forwarded his case to me because it falls under the guidelines of my assigned duties as the ECP Officer.

9. According to various databases and ICE records, **FLORES-ISIDRO** was born in 1992 in Poza Rica, Veracruz, Mexico. **FLORES-ISIDRO** has an Alien File Number (A xxx xxx 032). **FLORES-ISIDRO** is a citizen of Mexico and not a citizen of the United States. **FLORES-ISIDRO** was administratively ordered deported/removed from the United States to Mexico on or about November 16, 2013, and physically removed from the United States to Mexico on or about April 22, 2014.

10. **FLORES-ISIDRO** did not have the consent of the Attorney General of the United States or the Secretary of Homeland Security for the United States to reapply for admission to the United States.

11. A criminal history check revealed that **FLORES-ISIDRO** was convicted of unlawful use of another's passport, a felony violation of federal law, on April 1, 2014, and sentenced to time served (approximately 136 days of imprisonment) and three years of supervised release under case number 3:13-CR-2669, Western District of Texas, El Paso Division.

12. Based on the foregoing, there is probable cause to believe that on or about February 28, 2024, **FLORES-ISIDRO** was found to be in the United States voluntarily after being previously removed or deported, in violation of 8 U.S.C. § 1326(a) and (b)(1).

This concludes my affidavit.

Mark Annotti, Deportation Officer
Immigration & Customs Enforcement

Affidavit submitted by reliable electronic means and attested to me as true and accurate via telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 41(d)(3), before me this 28th day of July, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE